

FILED
5/25/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABRAHAM PORTNOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-01231 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff has filed a rambling complaint consisting of unconnected anecdotes and mostly incomprehensible allegations. He sues the United States and United States Senator Dianne Feinstein. Plaintiff seemingly contends that, at Senator Feinstein's suggestion, he sent over 1000 pages of documents to her office, and since that time, the Senator's office has refused to correspond with him, or to return any of those documents at his request. Plaintiff's intended claims,

1

entitlement to relief, or basis for this court's jurisdiction, are undiscernible. The remainder of the complaint contains various political ruminations, as well as a lengthy discussion of plaintiff's dissatisfaction regarding various unfavorable decisions in other federal courts, the latter of which he believes to be a fraudulent conspiracy. The relief sought is not entirely clear, but he seemingly demands the return of his documents and for this court to intervene in the unfavorable determinations rendered by other courts.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (same). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Furthermore, this court lacks jurisdiction to review the decisions of another district court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994); *MacKenzie v. Fudge*, No. 1:20-CV-00411 (TNM), 2021 WL 1061220, at *1 (D.D.C. Mar. 18, 2021) ("Because he brought and lost the same claims in another federal court several years ago, MacKenzie cannot relitigate them here.").

Consequently, this case will be dismissed. A separate order accompanies this memorandum opinion.

Dated: 5/25/21

TREVOR N. McFADDEN
United States District Judge